IN THE COUNTY COURT OF
THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:  20-008943-SC

STEPHANIE KLEIN,

      Plaintiff,

v.

FINANCIAL BUSINESS AND
CONSUMER SOLUTIONS,
INC. d/b/a FBCS, and
JEFFERSON CAPITAL
SYSTEMS, LLC,

      Defendants.

_____/

## PLAINTIFF'S FIRST AMENDED STATEMENT OF CLAIM

    **COMES NOW**, Plaintiff, **STEPHANIE KLEIN** ("Ms. Klein" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this First Amended Statement of Claim against Defendants, **FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. d/b/a FBCS** ("Debt Collector") and **JEFFERSON CAPITAL SYSTEMS, LLC** ("Debt Owner") (collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Debt Collector's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), by failing to make disclosures

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

required under 15 U.S.C. § 1692g when submitting its initial communication to Ms. Klein in connection with the collection of such alleged debt.

2.      This action also arises out of Defendants' violations of the FDCPA and of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by misrepresenting that Ms. Klein entered into a partial payment agreement towards the alleged subject account balance with Defendants when Ms. Klein had never made a partial payment agreement with Defendants, and by confirming such unauthorized agreement in writing that presented the opportunity to revive Defendants' ability to take legal action to collect an otherwise time-barred debt, which misled and deceived Ms. Klein and caused her significant confusion about the legal status of the alleged debt.

### *Jurisdiction and Venue*

3.      This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

4.      Jurisdiction is proper in the State of Florida where the Defendants' conducts business in the State of Florida.

5.      Jurisdiction of this Court also arises where Defendants' tortious activity under the FCCPA occurred in the State of Florida.

6.      Venue is proper in Pinellas County, Florida, where Defendants have physical locations in Pinellas County, Florida.

7.      Venue is proper in Pinellas County, Florida, where this tortious cause of action accrued in Pinellas County.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

8.      Venue is also proper in Pinellas County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

9.      Plaintiff, Ms. Klein, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

10.     At all times material hereto, Debt Collector was and is a business with its principal place of business in the state of PA, and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

11.     Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

12.     At all times material hereto, Debt Owner was and is a corporation with its principle place of business in the State of MN and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

13.     At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Klein's alleged debt.

14.     At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Klein's alleged debt for Debt Owner.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

15.     As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

16.     Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Klein's information.

17.     Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Klein's information into Debt Owner's sales, operating, compliance, or client management systems.

18.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

19.     Under information and belief, Debt Owner approved, wrote, or reviewed a form letter for Debt Collector to use when communicating with Ms. Klein.

20.     Under information and belief, Debt Owner wrote, reviewed, or approved the call script(s) used by Debt Collector when communicating with Ms. Klein.

21.     Under information and belief, Debt Collector is required to follow Debt Owner's operational and/or compliance guidance when communicating with consumers.

22.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA and FCCPA violations when contacting Ms. Klein and Debt Owner failed to stop such violations by Debt Collector.

23.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Klein's debt on behalf of Debt Owner.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page **5** of 5

### *Statements of Fact*

24.     Several years ago, Ms. Klein had a personal automobile loan account that was assigned a unique account number under Ms.  Klein's name ("Account").

25.     Sometime thereafter, Ms. Klein encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

26.     Under information and belief, the Account and Debt was then sold, assigned, or transferred to Debt Owner.

27.     Debt Owner then assigned or transferred servicing rights to the Account, including debt collection, to Debt Collector.

28.     In or around April of 2020, Debt Collector began placing calls directly to Ms. Klein's cellular telephone, 727-***-3977 ("Ms. Klein's Cellular Telephone"), in attempts to collect the Debt.

29.     At the time of the April, 2020 call campaign by Debt Collector, the Debt was beyond the legal statute of limitations.

30.     Accordingly, the Debt was a zombie debt and could not be enforced through the judicial system under breach of contract or any other legal theory.

31.     At all times relevant hereto, Defendants knew the Debt was a zombie debt and could not be enforced through the judicial system under breach of contract or any other legal theory.

32.     On April 27, 2020, Ms. Klein answered one of Debt Collector's calls to her Cellular Telephone.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page **5** of 5

33.     Debt Collector's April 27, 2020 call to Ms. Klein's Cellular Telephone was the initial communication by Debt Collector to Ms. Klein regarding the Debt.

34.     During that April 27, 2020 conversation, Debt Collector offered a "settlement" on the Account, which further confused Ms. Klein as to her legal rights and the legal status of the Debt as enforceable through the judicial system.

35.     In addition to offering a "settlement" on the Account, Debt Collector informed Ms. Klein that she would be "released" from the entire balance of the Debt should she accept the settlement offer, which confused Ms. Klein as to her legal rights and the legal status of the Debt as enforceable through the judicial system.

36.     Under information and belief, Debt Collector requires its representatives to use pre-approved scripts when placing calls to consumers like Ms. Klein.

37.     Ms. Klein could not be sued for the Debt and Debt Collector's carefully chosen words of "settlement" and "release" within its call script implies that Debt Collector had the legal right or legal ability to enforce the Debt through the judicial system.

38.     During that same April 27, 2020 conversation, Defendant failed to notify Ms. Klein of her rights pursuant to 15 U.S.C. § 1692g to dispute the validity of the alleged Debt and obtain verification of such Debt.

39.     Ms. Klein requested that Debt Collector send her the details of Debt Collector's "settlement" offer and "release" of any remaining balance of the Debt in writing.

40.     Ms. Klein informed Debt Collector that Debt Collector had the incorrect address for Ms. Klein and Ms. Klein provided Debt Collector with her correct address.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

41.     Ms. Klein, like most consumers, does not have the requisite legal knowledge to understand which actions may restart the statute of limitations applicable to the Debt  and was confused by Debt Collector's attempts to collect the zombie debt and offer settlement of such Debt.

42.     On or around May 20, 2020, Debt Collector then sent a letter (the "Initial Letter") to Ms. Klein.  *See* **Exhibit A.**

43.     The Initial Letter was received and read by Ms. Klein.

44.     Upon information and belief, the Initial Letter is a computer generated or form letter regularly used by Defendants when communicating with consumers.

45.     Upon information and belief, the Initial Letter was created by sophisticated compliance and legal professionals within the asset recovery space.

46.     The letter attached hereto as Exhibit "A" was the first written communication Ms. Klein received from Debt Collector regarding the Account. *See* **Exhibit A.**

47.     Upon opening Debt Collector's May 20, 2020 letter, Ms. Klein was shocked to see that Debt Collector represented she had made an "agreement" with Debt Collector to remit "partial payment" in the amount of $2,983.17 towards the Account. *See* **Exhibit A.**

48.     The Initial Letter, in relevant part, stated, "[t]his constitutes a partial payment of the debt." *See* **Exhibit A.**

49.     In direct contradiction with Debt Collector's representation to Ms. Klein during their April 27, 2020 conversation, nowhere in Debt Collector's Initial Letter does it

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

state that the balance of the Account would be released or that the partial payment fully resolves the Account.

50.     During the April 27, 2020 call, Ms. Klein had merely asked for the "settlement" offer and "release" to be sent in writing and never made an "agreement" to remit a partial payment towards the Debt.

51.     Debt Collector's Initial Letter was very confusing and upsetting to Ms. Klein because she never agreed to remit a partial payment to Debt Collector towards the Account.

52.     Debt Collector strategically placed a disclosure pertaining to the legal statute of limitations applicable to the Account on the second page of the Initial Letter, which in relevant part, states, "…our client cannot sue…" *See* **Exhibit A.**

53.     There was ample space on the first page of Debt Collector's Initial Letter to include the statute of limitations disclosure.

54.     In fact, there was so much unused blank space on the first page of Debt Collector's Initial Letter that the foregoing disclosure could have fit four (4) times over.

55.     Upon information and belief, the foregoing disclosure was intentionally placed on the second page of the Initial Disclosure Letter away from where Debt Collector's Initial Letter was seeking a partial payment on the first page.

56.     Debt Collector's disclosure fails to inform Ms. Klein that Debt Collector cannot sue Ms. Klein, and instead only states that Debt Owner cannot sue Ms. Klein.

57.     Accordingly, Debt Collector's Initial Letter was false, misleading, deceptive, and/or confusing to Ms. Klein.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

58.     The false, misleading, deceptive, and/or confusing statements by Debt Collector in the April 27, 2020 call and Debt Collector's Initial Letter caused significant emotional distress to Ms. Klein.

59.     Thereafter, on or around July 16, 2020, Debt Collector sent another letter in to Ms. Klein ("Collection Letter 2").  *See* **Exhibit B.**

60.     Collection Letter 2 was directly addressed to Ms. Klein, identified Debt Owner as the Current Creditor, demanded a total amount due of $9,943.90, represented that "this is an attempt to collect a debt, and any information obtained will be used for that purpose, and this is a communication from a debt collector," and offered options for payment, including by phone, by online portal, or by mail.  *See* **Exhibit B.**

61.     On or around August 3, 2020, Defendant called Ms. Klein's Cellular Telephone again in attempts to collect the Debt.

62.     During the conversation, Ms. Klein again advised Defendant that she could not afford payments at that time as Debt Collector attempted to pressure her into setting up a payment arrangement.

63.     Like its first telephone call with Ms. Klein, Debt Collector was offering to "settle" the Debt with Ms. Klein.

64.     In response, Debt Collector asked Ms. Klein if she could "borrow" monies to pay the Debt.

65.     All of Debt Collector's letters to Ms. Klein have been sent in connection with the collection of the Debt owed to Debt Owner.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
**Page 5 of 5**

66.     All of Debt Collector's calls to Ms. Klein have been placed in connection with the collection of the Debt owed to Debt Owner.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)*

67.     Ms. Klein re-alleges paragraphs 1-66 and incorporates the same herein by reference.

68.     Ms. Klein is a "consumer" within the meaning of the FDCPA.

69.     The subject debt is a "consumer debt" within the meaning of the FDCPA.

70.     Defendant, Financial Business and Consumer Solutions, Inc. d/b/a FBCS, is a "debt collector" within the meaning of the FDCPA.

71.     Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

a.   Debt Collector violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations related to Ms. Klein's alleged "partial payment" arrangement as shown in Exhibit "A" attached hereto in connection with the collection of the Debt.

b.   Debt Collector violated 15 U.S.C. § 1692e(10) by using deceptive means to attempt to collect the Debt.

c.   Debt Collector violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the Debt.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page **5** of 5

      d.   Debt Collector violated 15 U.S.C. § 1692g by failing to provide the required disclosures to Ms. Klein as required under the statute.

72.    As a result of the above violations of the FCCPA, Ms. Klein has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

73.    Debt Collector's actions have damaged Ms. Klein by causing her stress.

74.    Debt Collector's actions have damaged Ms. Klein by causing her anxiety.

75.    Debt Collector's actions have damaged Ms. Klein by being an annoyance.

76.    Debt Collector's actions have damaged Ms. Klein by causing her aggravation.

77.    It has been necessary for Ms. Klein to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

78.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

      a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

      b.   Awarding actual damages;

      c.   Awarding costs and attorneys' fees; and

      d.   Any other and further relief as this Court deems just and equitable.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

### *Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Owner)*

79.   Ms. Klein re-alleges paragraphs 1-66 and incorporates the same herein by reference.

80.   Ms. Klein is a "consumer" within the meaning of the FDCPA.

81.   The subject debt is a "consumer debt" within the meaning of the FDCPA.

82.   Defendant, Jefferson Capital Systems, LLC, is also a "debt collector" within the meaning of the FDCPA.

83.   At all times relevant hereto, Debt Owner was directly or vicariously liable for the actions of Debt Collector.

84.   Debt Collector violated the FDCPA. Debt Owner's violations include, but are not limited to, the following:

   a.   Debt Collector violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations related to Ms. Klein's alleged "partial payment" arrangement as shown in Exhibit "A" attached hereto in connection with the collection of the Debt.

   b.   Debt Collector violated 15 U.S.C. § 1692e(10) by using deceptive means to attempt to collect the Debt.

   c.   Debt Collector violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the Debt.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

      d.  Debt Collector violated 15 U.S.C. § 1692g by failing to provide the required disclosures to Ms. Klein as required under the statute.

85.    As a result of the above violations of the FCCPA, Ms. Klein has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

86.    Debt Owner's actions have damaged Ms. Klein by causing her stress.

87.    Debt Owner's actions have damaged Ms. Klein by causing her anxiety.

88.    Debt Owner's actions have damaged Ms. Klein by being an annoyance.

89.    Debt Owner's actions have damaged Ms. Klein by causing her aggravation.

90.    It has been necessary for Ms. Klein to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

91.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

      a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

      b.  Awarding actual damages;

      c.  Awarding costs and attorneys' fees; and

      d.  Any other and further relief as this Court deems just and equitable.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*
### *(as against Debt Collector)*

92.     Ms.  Klein re-alleges paragraphs 1-66 and incorporates the same herein by reference.

93.     Debt Collector violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

   a.  Debt Collector violated Fla. Stat. § 559.72(7) by willfully engaging in conduct that can reasonably be expected to abuse or harass Ms. Klein were Debt collector confirmed in writing a partial payment arrangement that Ms. Klein never made that could have revived Debt Collector's and/or Debt Owner's ability to take legal action to collect an otherwise time-barred debt.

   b.  Debt Collector violated Fla. Stat. § 559.72(9) by asserting the existence of the legal right to enter into a partial payment arrangement that Ms. Klein never made when Debt Collector knew that Ms. Klein never agreed to such arrangement.

94.     As a result of the above violations of the FCCPA, Ms. Klein has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

95.     Debt Collector's actions have damaged Ms. Klein by causing her stress.

96.     Debt Collector's actions have damaged Ms. Klein by causing her anxiety.

97.     Debt Collector's actions have damaged Ms. Klein by being an annoyance.

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

98.     Debt Collector's actions have damaged Ms. Klein by causing her aggravation.

99.     It has been necessary for Ms. Klein to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

100.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees;

    d.   Any other and further relief as this Court deems just and equitable.

### *Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

101.    Ms. Klein re-alleges paragraphs 1-66 and incorporates the same herein by reference.

102.    At all times relevant hereto, Debt Owner was directly or vicariously liable for the actions of Debt Collector.

103.    Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated Fla. Stat. § 559.72(7) by willfully engaging in conduct that can reasonably be expected to abuse or harass Ms. Klein were Defendant confirmed in writing a partial payment arrangement that Ms. Klein never

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

made that could have revived Debt Collector's and/or Debt Owner's ability to take legal action to collect an otherwise time-barred debt.

    b.   Debt Collector violated Fla. Stat. § 559.72(9) by asserting the existence of the legal right to enter into a partial payment arrangement that Ms. Klein never made when Debt Owner knew that Ms. Klein never agreed to such arrangement.

104.    As a result of the above violations of the FCCPA, Ms. Klein has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

105.    Debt Owner's actions have damaged Ms. Klein by causing her stress.

106.    Debt Owner's actions have damaged Ms. Klein by causing her anxiety.

107.    Debt Owner's actions have damaged Ms. Klein by being an annoyance.

108.    Debt Owner's actions have damaged Ms. Klein by causing her aggravation.

109.    It has been necessary for Ms. Klein to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

110.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees;

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

d.  Any other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff, **STEPHANIE KLEIN**, demands a trial by jury on all issues so triable.

Respectfully submitted this **May 19, 2021**,

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law:
Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy hereof has been served, but not filed, as follows on the **19** day of **May, 2021**.

1.        _____ Electronic Mail/Electronic Service, __**X**__ Delivery, _____ US Mail, _____ Fax

Ruel W. Smith, Esq.
Julia Nahhas, Esq.
Hinshaw & Culbertson LLP
100 South Ashley Drive, Suite 500
Tampa, FL 33602
Email:  RSmith@hinshawlaw.com
        EHsu@hinshawlaw.com
        jnahhas@hinshawlaw.com

                                        */s/ Kaelyn Diamond*
                                        Kaelyn Diamond, Esq.
                                        Florida Bar No. 125132

Plaintiff's First Amended Statement of Claim
*Klein v. Financial Business and Consumer Solutions, Inc. d/b/a FBCS and Jefferson Capital Systems, LLC*
Page 5 of 5

Filing # 127133418 E-Filed 05/19/2021 03:00:43 PM

# EXHIBIT A



**Office Hours:**
Mon-Fri 9:00 am through 7:00 pm EST
Sat 9:00 am through 12:30 pm EST
Toll Free: 1-866-594-8640

**Office Address**
330 S. WARMINSTER RD
SUITE 353
HATBORO, PA 19040

| Company Name: | Date: | Current Creditor: | Account #: | Debt Description: |
|---|---|---|---|---|
| FBCS, Inc. | 05/20/2020 | JEFFERSON CAPITAL SYSTEMS, LLC | 1001 | AMERICAN CREDIT ACCEPT |
| **Original Creditor:** | | **Jefferson Capital Reference #:** | **Outstanding Balance:** | **FBCS File#:** |
| AMERICAN CREDIT ACCEPTANCE LLC | | 3045 | $9,943.90 | 5932 |

Dear STEPHANIE KLEIN,

This letter is to confirm the agreement that was setup on the above account.

Payment of Intent

$2,983.17 is due in our office by May 27, 2020.

This constitutes a partial payment of this debt.

Yours truly,
Mike Sacco

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

## SEE PAGE 2 FOR IMPORTANT DISCLOSURES
### Payments can be made via:

| Online: 🖥 | Use your smartphone: 📱 | Mail: ✉ | Call: ☎ |
|---|---|---|---|
| Pay us online at: www.fbcs-inc.com | Please scan the code below to be taken directly to the payment portal. | Mail payment and form below to: 330 S. WARMINSTER RD. SUITE 353 HATBORO, PA 19040 | Call Toll-Free at: 1-866-594-8640 To discuss payment arrangements |

**REMIT PAYMENTS TO: 330 S. WARMINSTER RD. SUITE 353, HATBORO, PA 19040**

DETACH AND RETURN THIS PORTION WITH PAYMENT

DEPT 825   4377035820056
PO BOX 4115
CONCORD CA 94524

IF PAYING WITH CREDIT CARD, PLEASE CHOOSE THE CARD

| | ☐ | | ☐ DISCOVER | | ☐ VISA |
|---|---|---|---|---|---|
| CARD NUMBER | | | | EXP DATE | |
| CARD HOLDER NAME | | | | CCV CODE | |
| SIGNATURE OF CARD HOLDER | | | | | |

| NOTICE DATE | FBCS FILE # | PAYMENT AMOUNT |
|---|---|---|
| 05/20/2020 | 221825932 | $ |

ADDRESS SERVICE REQUESTED

STEPHANIE KLEIN

REMIT TO:
FBCS, Inc.
330 S. WARMINSTER RD.
SUITE 353
HATBORO, PA 19040



The law limits how long you can be sued on a debt. Because of the age of your debt, our client cannot sue you for it. You may renew the debt and the statute of limitations if you do any of the following: make any payment on the debt; sign a paper in which you admit that you owe the debt or in which you make a new promise to pay; sign a paper in which you give up or waive your right to stop the creditor from suing you in court to collect the debt.

# EXHIBIT B

# fbs
consumer contact solutions

**Office Hours:**
Mon-Fri: 9:00 am through 7:00 pm EST
Sat: 9:00 am through 12:30 pm EST
Toll Free: 1-866-594-8640

**Office Address:**
330 S. WARMINSTER RD
SUITE 353
HATBORO, PA 19040

| Company Name: | Date: | Current Creditor: | Account #: | Debt Description: |
|---|---|---|---|---|
| FBCS, Inc. | 07/16/2020 | JEFFERSON CAPITAL SYSTEMS, LLC | 1001 | AMERICAN CREDIT ACCEPT |

| Original Creditor: | | Jefferson Capital Reference #: | Outstanding Balance: | FBCS File#: |
|---|---|---|---|---|
| AMERICAN CREDIT ACCEPTANCE LLC | | 3045 | $9,943.90 | 7376 |

Dear STEPHANIE KLEIN,

Interested in saving $6,960.76?

JEFFERSON CAPITAL SYSTEMS, LLC, has authorized us to accept a reduced amount to resolve your account.

We can accept this reduced amount under your preferred option:

| Option 1 | Option 2 | Option 3 |
|---|---|---|
| Pay the reduced amount of $2,983.14 to us in one payment. | Pay $596.63 as a down-payment and the remaining balance of $2,386.51 thirty days after your first payment is received. | You may have an opportunity to split your reduced amount into 6 payments of $497.19 each. Call our office or log on to our website for details. |

CALLING FOR FURTHER INFORMATION OR MAKING A PAYMENT IS NOT A SUBSTITUTE FOR DISPUTING THE DEBT.

Sincerely,
Mike Sacco

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**SEE PAGE 2 FOR IMPORTANT DISCLOSURES**
**Payments can be made via:**

| Online: | Use your smartphone: | Mail: | Call: ☎ |
|---|---|---|---|
| Pay us online at: www.fbcs-inc.com | Please scan the code below to be taken directly to the payment portal. | Mail payment and form below to: 330 S. WARMINSTER RD. SUITE 353 HATBORO, PA 19040 | Call Toll-Free at: 1-866-594-8640 To discuss payment arrangements |

**REMIT PAYMENTS TO: 330 S. WARMINSTER RD. SUITE 353, HATBORO, PA 19040**

DETACH AND RETURN THIS PORTION WITH PAYMENT

DEPT 825      1465594020077
PO BOX 4115
CONCORD CA  94524

IF PAYING BY CREDIT CARD, PLEASE CHECK THE CARD

○  ○ DISC-VISA  ○  VISA

CARD NUMBER                          EXP DATE

CARD HOLDER NAME                     KCV CODE

SIGNATURE OF CARD HOLDER

| NOTICE DATE | FBCS FILE # | PAYMENT AMOUNT |
|---|---|---|
| 07/16/2020 | 224127376 | $ |

☐ OPTION 1    ☐ OPTION 2    ☐ OPTION 3

ADDRESS SERVICE REQUESTED

STEPHANIE KLEIN

REMIT TO:
FBCS Inc
330 S. WARMINSTER RD
SUITE 353
HATBORO  PA 19040
1 866 594 8640

FBC/00008-0716-1404719648-02062-2062

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

FBCS, Inc. is not obligated to renew this offer.

The law limits how long you can be sued on a debt. Because of the age of your debt, our client cannot sue you for it. You may renew the debt and the statute of limitations if you do any of the following: make any payment on the debt; sign a paper in which you admit that you owe the debt or in which you make a new promise to pay; sign a paper in which you give up or waive your right to stop the creditor from suing you in court to collect the debt.